PS 8
(8/88)

# United States District Court

for

THE DISTRICT OF GUAM

U.S.A. vs:     **PAUL A. I. MENDIOLA**     Docket No.     CR 05-00011-001

**Petition for Action on Conditions of Pretrial Release**

COMES NOW     CARMEN D. O'MALLAN     PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant _____ who was placed under pretrial release supervision by the Honorable     Joaquin V.E. Manibusan, Jr., Magistrate Judge     sitting in the court at     Hagatna, Guam     on the     22nd     date of     February    , 20     05     under the following conditions:

*Please see attached Order Setting Conditions of Release filed on October 12, 2005.*

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

*(If short insert here; if lengthy write on separate sheet and attach)*

*Please see attached Declaration in Support of Petition.*

**FILED**
DISTRICT COURT OF GUAM

AUG 3 1 2006

**MARY L.M. MORAN
CLERK OF COURT**

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. §3148, order that a summons be issued, and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

**RECEIVED**
AUG 2 8 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ORDER OF COURT

Considered and ordered this **31st** day of **August**, 20 **06** and ordered filed and made a part of the records in the above case.

_____
JOAQUIN V.E. MANIBUSAN, JR.
U.S. District Judge/Magistrate

Respectfully, _____
Carmen D. O'Mallan
U.S. Pretrial Services Officer

Place:     Hagåtña, Guam

Date:     August 28, 2006

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>PAUL A.I. MENDIOLA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NO. 05-00011-001<br><br>**DECLARATION IN SUPPORT OF PETITION** |

**Re:   Violation Report, Violation of Pretrial Release Conditions**

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the assigned U.S. Probation Officer supervising the Court-ordered conditions of pretrial for Paul A. I. Mendiola, and in that capacity declare as follows:

On February 22, 2005, Paul A. I. Mendiola made his Initial Appearance before Magistrate Judge Joaquin V. E. Manibusan Jr., pursuant to an Indictment charging him with Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and 18 U.S.C. § 2.

On the same date, Mr. Mendiola was released on a $20,000 unsecured bond with conditions that he report to the U.S. Probation Office and the Drug Enforcement Administration as directed; maintain or actively seek employment; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not change residence unless approved by the Court or U.S. Probation Office; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; submit to any method of testing required by a pretrial services officer or the supervising officer for determining whether he is using a prohibited substance; report as soon as possible any contact with law enforcement; and not go near any ports of entry or exit.

DECLARATION IN SUPPORT OF PETITION
Violation Report, Violation of Pretrial Release Conditions
Re:   MENDIOLA, Paul A.I.
USDC Cr. Cs. No. 05-00011-001
August 26, 2006
Page 2

On September 23, 2005, an Informational report was filed after Mr. Mendiola tested presumptive positive for methamphetamine on September 6, 2005. He denied any illegal drug use and the specimen was sent to the laboratory for confirmation. Confirmation for amphetamine and d-methamphetamine was received from the laboratory on September 14, 2005. On September 19, 2005, Mr. Mendiola admitted to using "ice" on September 5, 2005. No action was requested.

On January 24, 2006, an Informational report was filed after Mr. Mendiola tested presumptive positive for methamphetamine. He executed an admission form, admitting to using "ice" on January 14, 2006. No action was requested.

Paul Mendiola is alleged to have violated the following condition of release:

**Special Condition:** *The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.*

On July 31, 2006, Mr. Mendiola tested presumptive positive for methamphetamine. The specimen was sent to the laboratory for confirmation. On August 1, 2006, Mr. Mendiola verbally admitted to United States Probation Officer Carleen Borja that he had used "ice" on July 28, 2006. He stated that he did not want to sign an admission until after the laboratory returned the specimen test results. On August 11, 2006, results received from the laboratory were negative except for the drug amphetamine. The report indicated that the laboratory was "unable to test amphetamines due to an interfering substance." Collateral contact was made with Kurt Knachel, a certifying scientist with Scientific Testing Laboratories, INC. Mr. Knachel stated that a substance ingested by Mr. Mendiola interfered with the testing procedure, and that the laboratory was unable to determine if the test result was negative or positive.

**Supervision Compliance:** Mr. Mendiola is currently living with his family in Barrigada and was recently employed as a security supervisor for Pacific Island Security. He has been informed by the owner of the company that he will soon be promoted to the position of security manager. This information cannot be verified without the Court's consent.

Mr. Mendiola graduated from the Lighthouse Recovery Center residential treatment program on April 17, 2006. He continues to remain in their aftercare program which requires his attendance at one meeting per week. He related that he attends the required meeting as well as a 12-step spiritual group meeting during the week. This information was verified by his counselor, Roy Ausec. Mr. Ausec stated that Mr. Mendiola is scheduled to terminate from the program and will receive a certificate of completion after two more group sessions.

DECLARATION IN SUPPORT OF PETITION
Violation Report, Violation of Pretrial Release Conditions
Re:   MENDIOLA, Paul A.I.
USDC Cr. Cs. No. 05-00011-001
August 26, 2006
Page 3


**Recommendation:** The Probation Officer respectfully requests that pursuant to 18 U.S.C. §3148, this matter be scheduled for a hearing and a summons be issued for the defendant's appearance at that hearing to determine if his bail should be revoked or modified.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 28 day of August 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:   Marivic David, AUSA
      David Rivera, Defense Counsel
      File

RECEIVED
U.S. Probation Office

FEB 23 2005

Districts of Guam
and NMI

# UNITED STATES DISTRICT COURT

District of _____ GUAM

FILED
DISTRICT COURT OF GUAM
FEB 22 2005
MARY L.M. MORAN
CLERK OF COURT

United States of America

V.

**PAUL AI MENDIOLA**

Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number:  CR-05-00011-001

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)   The defendant shall not commit any offense in violation of federal, state or local law while on

(2)   The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence directed. The defendant shall appear at (if blank, to be   __**HAGATNA, GUAM**__
                                                                                                                       Place

__**U.S. COURTHOUSE**__ on __**APRIL 18, 2005 at 9:30 a.m.**__
                                                 Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

(   ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✔ ) (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of __**TWENTY THOUSAND**__ dollars ($ __**20,000.00**__ ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____  _____
                Custodian or Proxy                          Date

( X ) (7) The defendant shall:
- ( X ) (a) report to the **U.S. PROBATION OFFICE @ 473-9201 AND DRUG ENFORCEMENT ADMINISTRATION @ 472-7281** telephone number _____, not later than **AS DIRECTED** .
- ( X ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: **$20,000.00 UNSECURED BOND**
- ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____ .
- ( X ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( X ) (g) surrender any passport to: **Clerk of Court, District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagatna, GU 96910**
- ( X ) (h) obtain no passport.
- ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: **NOT CHANGE RESIDENCE UNLESS APPROVED BY THE COURT AND U.S. PROBATION OFFICE**
- ( X ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( X ) (o) refrain from ( X ) any ( ) excessive use of alcohol.
- ( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  - ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- ( X ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( X ) (v) **NOT GO NEAR ANY PORT OF ENTRY OR EXIT**
- ( ) (w) _____
- ( ) (x) _____

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.
    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.
    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.
    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_[signature]_
Signature of Defendant

_____
Address

_Tamuning, Guam_
City and State          Telephone

### Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: FEB 22 2005          _[signature]_
                                                      Signature of Judicial Officer

                                                      JOAQUIN V. E. MANIBUSAN, JR., MAGISTRATE JUDGE
                                                               Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL