**LAW OFFICE OF TERRENCE M. BROOKS**
259 Martyr Street, Suite 101
C & A Building
Hagåtña, Guam 96910
Telephone: (671) 472-6848/9
Facsimile: (671) 477-5790

**Attorneys for Defendant**
**PAUL A.I. MENDIOLA**

FILED
DISTRICT COURT OF GUAM
SEP 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL A.I. MENDIOLA,<br><br>Defendant. | CRIMINAL CASE NO. 05-00011<br><br>**NOTICE OF OBJECTION**<br>**TO BASE OFFENSE LEVEL**<br>**CALCULATION** |

COMES NOW, David Rivera, Esq., counsel for defendant PAUL A.I. MENDIOLA, and hereby OBJECTS to the calculated base offense level of 34 as stated in Paragraph No. 34 of the Presentence Investigation Report ("PSIR"). It is respectfully submitted that the base offense level should have been 30. With credit for the other adjustments that have been calculated the Total Offense Level should be at Level 25 (which level does not yet include an adjustment for downward departure based upon an anticipated 5K1.1 motion).

**Argument**

In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court reviewed several of its decisions concerning sentencing, including Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

According to U.S. Probation they base their calculation of the base offense level as follows: "the defendant conspired to possess 420 gross grams of d-methamphetamine hydrochloride *(actual)*. The base offense level is 34." (Emphasis added). This is a misstatement of relevant facts admitted to in the plea agreement entered into by the defendant.

**The Plea Agreement**

On or about May 16, 2005, in the District Court of Guam, defendant Paul Mendiola entered a plea of guilty to Count I of an indictment charging him with conspiracy to distribute approximately 420 grams methamphetamine hydrochloride. This plea was in accordance to the terms of a plea agreement filed with the Court on May 12, 2005. Line 8( c. ) of the plea agreement contains the relevant stipulated fact. In relevant part, line 8 ( c. ) states:

> As part of the conspiracy, the defendant received three U.S. Postal Service Express Mail parcels which were mailed to him at 163 Felis St. (Old Perezville), Tamuning, Guam, 96913. The defendant knew the parcels contained an aggregate amount of approximately 420 grams, *gross weight*, of methamphetamine hydrochloride. (Emphasis added).

Nowhere in the plea agreement is there any reference to any "actual" amount of methamphetamine hydrochloride.

**Argument**

The United States Sentencing Commission Guidelines Manual emphasizes that the term "actual" when used in reference to methamphetamine refer to the weight of the controlled substance, itself, contained in the mixture or substance. United States Sentencing Commission, Guidelines Manual, §2D1.1, pg. 140, Note (B) (Nov. 2005). The defendant never admitted in the plea agreement or elsewhere that the 420 grams of methamphetamine referenced in the indictment was an "actual" amount. The stipulated facts clearly make reference only to a gross weight. The Base Offense Level calculated in line 34 of the Pre-Sentence Investigation Report is based upon an actual amount of 420 grams of methamphetamine hydrochloride. This violates Blakely and Apprendi in that it subjects the defendant to a maximum sentence that is not solely based on the facts reflected in a jury verdict or admitted by the defendant. Taken at face value, the gross weight of 420 grams of methamphetamine places the Base Offense Level not at level

34, but at level 30. With the additional adjustments reflected in paragraphs 35 (2 level decrease) and 40 (3 level decrease) the Total Offense Level should be level 25.

### Conclusion

To calculate the Base Offense Level on the basis of 420 actual grams of methamphetamine hydrochloride results in an offense level calculation that is not based on facts reflected either in a jury verdict or admitted by the defendant. This squarely contradicts the principals enunciated in <u>Blakely</u> and <u>Apprendi</u>. The volume that is referenced in the plea agreement is "an aggregate amount of approximately 420 grams, gross weight, of methamphetamine hydrochloride." This is what the defendant admitted to. There is simply no way that one can read this sentence to be a reference to an actual amount as defined by the Guidelines Manual. It is respectfully submitted that the Base Offense Level pertaining to 420 grams gross weight of methamphetamine is level 30. Therefore, the Total Offense Level, after consideration of the other adjustments reflected in the Pre-Sentence Investigation Report, should be level 25.

Respectfully submitted this 22th day of September, 2006.

THE LAW OFFICE OF TERRENCE M. BROOKS

By: /s/ David Rivera
David Rivera, Esq.
*Attorney for Paul A.I. Mendiola*